## ROSSMAN v. PULLMAN CO.

District Court, S. D. New York.

May 19, 1936.

Guggenheimer & Untermyer, of New York City (Abraham Shamos and Milton E. Mermelstein, both of New York City, of counsel), for plaintiff.

Alexander & Green, of New York City (C. P. Williamson, of New York City, and F. M. Warden, of Chicago, Ill., of counsel), for defendant.

GALSTON, District Judge.

Plaintiff brings this action pursuant to provisions of the anti-trust acts, seeking treble damages because of the violation thereof by the defendant company in so far as they affect her ownership of patents relating to sleeping car improvements.

On this motion to dismiss there are two fundamental problems involved, since under the Anti-Trust Acts (Clayton Act, § 4, Sherman Act, § 7), section 15, title 15, U.S.C. (15 U.S.C.A. § 15 and note) any person who shall be injured in his business or property by anything forbidden in the anti-trust laws may sue and recover threefold the damages sustained by him.

The two questions are: First, has the defendant violated, as alleged in the complaint, any provision of the sections therein recited? Second, if so, has the plaintiff any such property right as was damaged thereby?

I shall discuss the second subject first. The plaintiff is the owner of six patents, ostensibly covering alleged inventions in sleeping cars and their equipment, such as ladders, service doors, and cabinets.

At the outset it becomes necessary to appraise the nature of the patent right because it is that which she alleges in the third paragraph of her complaint as having been interfered with by the unlawful acts of the defendant. The nature of the right is succinctly stated in Motion Picture Patents Co. v. Universal Film Manufacturing Co., 243 U.S. 502, 37 S.Ct. 416, 418, 61 L.Ed. 871, L.R.A.1917E, 1187, Ann.Cas.1918A, 959. Mr. Justice Clarke said: "It has long been settled that the patentee receives nothing from the law which he did not have before, and that the only effect of his patent is to restrain others from manufacturing, using or selling that which he has invented. The patent law simply protects him in the monopoly of that which he has invented and has described in the claims of his patent. United States v. American Bell Tel. Co., 167 U.S. 224, 239, 17 S.Ct. 809, 42 L.Ed. 144, 154; Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U.S. 405, 424, 28 S.Ct. 748, 52 L.Ed. 1122, 1130; Bauer & Cie v. O'Donnell, 229 U.S. 1, 10, 33 S.Ct. 616, 57 L.Ed. 1041, 1043, 50 L.R.A.(N.S.) 1185, Ann.Cas.1915A, 150."

There is no evidence that the plaintiff was ever in the business of making, using, or selling sleeping cars or any of their equipment. There is no evidence that any other person was ready, able, and willing to make, use, or sell, under license from her, any of the alleged patented improvements. There is no evidence that she submitted these patents indeed to the Pullman Company or the Pullman Manufacturing Company, or to any company engaged in the manufacture, use, or sale of sleeping cars or their equipment. Thus, assuming the performance of illegal acts by the defendant, there has been no damage to a property interest. She still enjoys the right, as she did when the patents were issued to her, of excluding any

and all persons from making, using, or selling the patented improvements without her consent.

She has, as was said in Patterson v. U. S. (C.C.A.) 222 F. 599, 646, by Judge Cochran, the common-law right to make, use, or sell the patented improvements. "This right is to no extent dependent on the statute." How the jury can estimate the amount of damage to that common-law right, if any, is not made at all clear. The moneys that she expended, as she testified, were for the procurement of a statutory right.

With this view of the case, it is not necessary to consider whether the defendant's acts constituted a monopoly, as set forth in section 2 of the Sherman Act (15 U.S.C.A. § 2), or whether its failure to advertise for bids for the cars that it purchased from the Pullman Manufacturing Company was a violation of the Clayton Act (38 Stat. 730).

The motion to dismiss is accordingly granted.