## PASTOR v. AMERICAN TELEPHONE & TELEGRAPH CO.

District Court, S. D. New York.

July 9, 1940.

George A. Brenner, of New York City (Bernard H. Fitzpatrick, of New York City, of counsel), for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (John H. Ray, Porter R. Chandler, James A. Farmer, and John W. Auchincloss, all of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This is an action at law for treble damages under the Federal Anti-Trust Laws. 15 U.S.C.A. §§ 1 and 15. In his amended complaint the plaintiff alleges that he is the owner of a patent which gives him the right to make, use and vend a certain device known as an automatic repertory dial device, which is designed to be attached to what is commonly known as a dial telephone. The device reduces the number of manipulations of the selecting mechanism in calling a number and furnishes a means by which certain pre-selected call stations may each be signalled by a single manipulation, pressing a button. This device is claimed to be of utility to the public in the use of telephones.

The amended complaint alleges that the defendant is engaged in the telephone business, operating toll telephone lines which carry upwards of 80% of the long distance telephone traffic in the United States and that the defendant controls a group of corporations engaged in the telephone business and auxilliary fields known as the Bell System. Further it is alleged that by means of control exercised over said corporations defendant is in a position to, and does in fact influence and control the character and specification of apparatus constituting or used in conjunction with subscribers' stations, and of any apparatus to be connected thereto. The latter; when not of Bell System manufacture or supply, are usually called "foreign attachments." About half of the service furnished by the Bell System to its subscribers is furnished by the so-called dial system. Thus, plaintiff alleges, the subscribers of the Bell System constitute the "chief potential market" for devices such as that which plaintiff has invented.

It is further alleged that the operating companies, in concert with the defendant, follow a common policy of excluding from connection to subscribers stations all devices which come under the classification of "foreign attachments." This policy, it is averred, has restrained and is now re-

straining the sale to the aforesaid potential market of devices such as the plaintiff's automatic dial connection and thus has prevented the plaintiff from marketing his said device. By reason of the foregoing the plaintiff, as holder of the patent aforementioned, claims to have been damaged. It is also alleged that "By reason of the restraint of trade aforesaid, plaintiff was damaged in the sum of One Million Five Hundred Thousand Dollars, and said restraint still continues against plaintiff." Plaintiff in this suit therefore seeks treble damages in the sum of $4,500,000.

There is a second count in the amended complaint which, after realleging the matters above summarized, states that the plaintiff made or caused to be made an application to the defendant for leave on the part of the Bell System subscribers to attach or cause to be attached automatic dial devices to subscribers stations and that the defendant rejected the application, although plaintiff was ready, willing and able to cause to be manufactured and sold to Bell System subscribers the said automatic device. Plaintiff's counsel in his brief, consents to the dismissal of this second cause of action since the depositions establish that, contrary to the allegations in said second count, no applications were ever made to defendant by subscribers for the installation of any automatic dialing devices and further that plaintiff was never able to manufacture or cause to be manufactured such a device even if the demand by subscribers had been present.

Between the time of the original joinder of issue and the service of the amended complaint an examination before trial of the plaintiff was conducted and certain other witnesses were examined, including Dr. F. B. Jewett, an officer of the defendant.

Defendant moves (1) for judgment dismissing the amended complaint upon the ground that it fails to state a claim against defendant upon which relief can be granted, or (2) in the alternative, upon the pleadings and upon the depositions of plaintiff and the witnesses heretofore taken, for summary judgment in favor of defendant upon the ground (a) that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law and (b) that plaintiff's cause of action, if any, accrued more than six years prior to the commencement of this action and is barred by the statute of limitations.

In opposing said motion plaintiff's attorney in his brief asserts:

"1. That a telephone company is obliged either

"(a) To provide on a commercial basis for the subscriber all equipment reasonably necessary or desirable for the convenient use of the telephone. Or (b) To permit the subscriber to provide the same for himself after assuring itself that the device selected by the subscriber is of such character as will not injure the equipment of the company nor impair its service to others.

"2. That if a telephone company does not itself provide, on a commercial basis, such equipment, its refusal to permit others to provide the same is an unreasonable restraint of a trade which, if the prospective trade be interstate in character and if the restraint be imposed by a combination such as the Bell System as a policy of that combination, constitutes a violation of the first section of the Sherman Act."

It will be more satisfactory to dispose of this matter on the questions arising upon the motion for summary judgment. Counsel for both parties have argued the issues with full reference to the facts adduced upon the depositions taken in this case. Upon a consideration of the allegations of the pleadings and the testimony taken in the depositions and the exhibits introduced in connection therewith, I am of the opinion that the motion for summary judgment in favor of the defendant should be granted.

■ As to the first cause of action, there is a total failure to allege or show any specific violation of the Anti-Trust Laws, 15 U.S.C.A. § 1 et seq. Rather the attack of the plaintiff seems to be upon the policy of the defendant and of the Bell System generally in excluding the so-called foreign attachments. Plaintiff asserted that this policy has resulted in his case in a refusal to consider the merits of his de-

784

vice or to make possible its installation on subscribers' telephones and thus result in a restraint of trade. The testimony, as pointed out above, shows affirmatively that no applications for the installation of this device were ever made to the defendant and in fact none of the devices were ever manufactured and made ready for installation should such permission have been granted. One working model was assembled, but beyond that the device was never turned out for commercial purposes. On the question, whether the defendant gave full consideration to the merits of the device which plaintiff had patented, there is substantial and undisputed evidence to show that when the plaintiff, shortly after obtaining his patent submitted it to the defendant in 1927, the defendant gave it consideration but found that it was unsuitable for its purposes.

■ The question presented really comes down to this: Did the refusal of the defendant to buy plaintiff's patent or ask for a license to manufacture devices under his patent, and its failure to make available to the public a similar device constitute a restraint of trade? Counsel for the plaintiff freely acknowledges that the mere refusal of the defendant to deal with the plaintiff does not constitute a violation of the Anti-Trust Laws, but claims that the policy against foreign attachments has resulted in a restraint of trade to the plaintiff's damage. The argument of counsel seems to be that this policy is against the spirit of the Anti-Trust Laws, but there is a failure to show or in fact to allege any specific violation of a prohibition contained in the Sherman and Clayton Anti-Trust Acts. In the absence of any such showing, plaintiff has no cause of action thereunder. LaChappelle v. United Shoe Machinery Corporation, D.C., 13 F. Supp. 939.

■ Furthermore, I am of the opinion that plaintiff's case must fail for the reason that he has failed to show, as required by 15 U.S.C.A. § 15, that he has been injured in his business or property by reason of anything forbidden in the Anti-Trust Laws. Rossman v. Pullman Company, D.C, 15 F.Supp. 325.

As stated above, the evidence shows that the plaintiff never manufactured his device on a commercial scale; that he never was in a position financially to do so, nor did he have any promoter who was ready or able to supply the necessary funds for the manufacture of the device. Plaintiff was not in the manufacturing business. The only business or property which the plaintiff might claim to have been damaged was his patent rights, but there could be no such damage since his rights under his patent remain intact. Plaintiff is perfectly free to sell his patent or to obtain any advantage under it from any other corporation or organization which may be interested in it or able to utilize it.

■ Furthermore, even assuming damage to a business or property right of the plaintiff, in my opinion there could be no finding upon the facts before the Court of an unreasonable restraint of trade flowing from the defendant's so-called policy against the installation of foreign attachments. This policy is a part of the tariffs filed pursuant to law with the Public Service Commissions or similar bodies in the several states. Plaintiff's Exhibit 9 shows that this exclusion of foreign attachments is practically uniform in the tariffs of telephone companies throughout the United States. The contention of plaintiff's counsel in paragraphs 1(a) and (b) quoted above are matters of policy to be reviewed in an appropriate proceeding before the Public Service Commissions of the various states and their Utility Laws. In fact the New York Public Service Law, Consol. Laws, c. 48, §§ 91 and 97, gives the Commission the authority to determine what appliances are adequate and reasonable, and what public necessity and convenience may require. The defendant's tariffs have had the approval of the various public service commissions. No attack has been made by the plaintiff before any Public Service Commission in respect to these tariffs. Under the circumstances this Court should not find defendant's policy in respect to "foreign attachments" to be an unreasonable restraint of trade.

■ Furthermore, I am of opinion that the defendant's special defense, that

the statute of limitations has run against any cause of action which the plaintiff might have had, is supported by the facts. The pertinent statute of limitations is Section 48, subdivision 2 of the New York Civil Practice Act, which sets a six year period of limitations. Seaboard Terminals Corporation v. Standard Oil Co., D.C., 24 F. Supp. 1018, affirmed, 2 Cir., 104 F.2d 659. The present action was commenced in 1940. The evidence clearly establishes that the only contacts between the plaintiff and the defendant were in the years 1927 and 1928, in which years the plaintiff offered his device to the defendant and each time the defendant rejected it. Plaintiff argues that so long as defendant's policy against foreign attachments continues a wrong is being done to the plaintiff and therefore the statute of limitations has not run against his cause of action, even though possibly some of his damages might not be recoverable because of the lapse of time. "The statute began to run when the cause of action arose, and the cause of action arose when the damage occurred." Bluefields S. S. Co. v. United Fruit Co., 3 Cir., 243 F. 1, 20, appeal dismissed 248 U.S. 595, 39 S.Ct. 136, 63 L.Ed. 438. In my opinion some affirmative action on the part of the defendant causing damage is required in order to constitute a violation of the Anti-Trust Laws and since the last act on the part of the defendant took place in 1928, when plaintiff's offer of his device was rejected his cause of action if any is now barred by the statute of limitations.

The amended complaint on its face fails to state a claim on which relief can be granted. Federal Rules of Civil Procedure, rule 12(b) (6) 28 U.S.C.A. following section 723c. Defendant is entitled to summary judgment on the pleadings and depositions herein, from which it appears that there is no genuine issue as to any material facts, Rule 56(b), and that on the facts defendant is entitled to judgment as a matter of law, because (1) plaintiff has no claim or cause of action against the defendant, and (2) any such claim as plaintiff attempts to assert would be barred by the statute of limitations. Submit order on notice.