DIXON, Judge.
Mrs. Eva Bates petitioned for appointment as administratrix of the succession of the decedent husband, Arnold H. Bates. Cecil Horold Bates opposed the application, contending that he is the child of the decedent and the plaintiff, the sole and only heir at law, and that he is better qualified than Mrs. Bates to act as ad *21 ministrator. There was judgment in the district court in favor of the defendant Cecil H. Bates appointing him administrator of the succession of Arnold H. Bates, rejecting the demands of decedent’s widow, Mrs. Eva Bates.
Mrs. Bates has appealed, contending that the direct and positive testimony adduced at the trial is sufficient to overcome any presumption which may have been created by the fact that Cecil H. Bates was raised as a child of the marriage between Arnold H. Bates .and Eva Bates.
Most of the facts in the case are undisputed. There is no record of Cecil H. Bates’ birth, a delayed birth certificate having been issued in 1967.
Arnold H. Bates and Eva Fisher were married May 10, 1913; Arnold was twenty-four years old and Eva was seventeen. This was the only marriage for each, and they were never separated. For several years Mr. and Mrs. Bates resided in Shreveport where they operated a grocery store. It was during this period when Cecil H. Bates appeared in the home of Arnold H. and Eva Bates. The evidence indicates that Cecil H. Bates was born in 1924. The Bates family subsequently moved from Shreveport to Monroe. Cecil Horold Bates was held out to the world as the child of Arnold H. and Eva Bates. During the life of Arnold, there was no hint or contention made by any person that Cecil was not the legitimate child of Arnold and Eva Bates. Shortly prior to the application of Mrs. Bates to be appointed ad-ministratrix of her husband’s succession, she raised for the first time the claim that Cecil was not a Bates.
The applicable Civil Code articles are 194 and 195:
“Art. 194. Filiation, proof by reputation
“If the register of births and baptisms is lost, or if no such register has been kept, it suffices for the child to show that he has been constantly considered as a child born during marriage.”
“Art. 195. Elements for proof by reputation
“The being considered in this capacity is proved by a sufficient collection of facts demonstrating the connection of filiation and paternity which exists between an individual and the family to which he belongs.
“The most material of these facts are:
“That such individual has always been called by the surname of the father from whom he pretends to be born;
“That the father treated him as his child, and that he provided as such for his education, maintenance and settlement in life;
“That he has constantly been acknowledged as such in the world;
“That he has been acknowledged as such within the family.”
Mrs. Bates does not maintain that the evidence “demonstrating the connection of filiation and paternity” referred to in Civil Code Article 195 is in any way deficient. Her position is that there is direct and positive testimony sufficient to overcome any presumption of legitimacy arising from the facts mentioned above.
The direct and positive evidence consists of the testimony of Mrs. Bates herself and Mrs. Lena Robertson. Mrs. Bates testified that the child Cecil, approximately six weeks old, was brought into the Bates home by a woman named Lane and that his real surname was Roark. Mrs. Lane, according to Mrs. Bates, stated that she brought the child on trial, .and if the Bates wanted to keep him, “adoption papers” would be prepared. Adoption papers were never prepared. There is no other clue in the record as to the identity of Mrs. Lane.
Mrs. Lena Robertson testified that she lived very close to the Bates house from 1922 until about 1930. Mrs. Robertson said that Mrs. Bates was never pregnant to her *22 knowledge and that she, Mrs. Robertson, was in Mrs. Bates’ home at the time when Mrs. Lane brought a baby to Mrs. Bates. Mrs. Robertson testified that she made all the baby clothes for the child when Mrs. Bates first obtained the child. Mrs. Robertson testified that when Mrs. Lane put the baby in Mrs. Bates’ arms, she said “it was on trial.”
This is the direct and positive testimony relied on by Mrs. Bates to prove that Cecil H. Bates was not the child of Arnold H. Bates, and not an heir.
The principal case supporting Mrs. Bates’ contentions is the Succession of O’Neil, 52 La.Ann. 1754, 28 So. 259 (1900). In that case Mrs. Mary Ann Jacobs sought to be recognized as a granddaughter and an heir of Thomas O’Neil, Sr. and Bridget O’Neil. She was opposed by other children of Thomas and Bridget O’Neil, who contended that Mrs. Jacobs’ father, Thomas O’Neil, Jr., was not the child of Thomas O’Neil. At the time of the trial in the O’Neil case, Thomas O’Neil, Sr., Bridget O’Neil and
Thomas O’Neil, Jr. were deceased. Evidence in a prior suit was admitted. In the prior suit, Mrs. Jacobs had sued Thomas O’Neil, Sr., who had testified that Thomas O’Neil, Jr. was not related to him “legitimately or illegitimately,” but that the child had been left at his father’s house, and, when he married Bridget, he took the child with him and helped him all he could.
In addition to the positive evidence of Thomas O'Neil, the court had before it the testimony of a son and the daughters of Thomas O’Neil, Sr., and a friend of the family who had been present in Ireland when Thomas O’Neil, Jr. was born, and who knew that another person was “pointed out as the father of the child in the town in which he was born.”
In the record before us the testimony of Mrs. Bates was seriously impeached by two documents received in evidence. One document was a petition prepared for Mrs. Bates and Cecil H. Bates in which the allegation is made that Arnold H. Bates “left Cecil Horold Bates as his son and sole heir at law. * * *” The affidavit was signed by Mrs. Eva Bates and Cecil Horold Bates, but was not notarized. The pleading was not signed by the attorney for the parties, nor was it filed in the proceeding as the parties must have contemplated. Not having been actually filed, this instrument was merely a proposed pleading, and cannot be considered a judicial confession by Mrs. Bates, because it was not made “in a judicial proceeding” as required by Civil Code Article 2291:
“Art. 2291. Judicial confession
“The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
“It amounts to full proof against him who has made it.
“It can not be divided against him.
“It can not be revoked, unless it be proved to have been made through an error in fact.
“It can not be revoked on a pretense of an error in law.”
Although the instrument in question is not a judicial confession, it does tend to impeach the testimony of Mrs. Bates.
Arnold H. Bates died December 4, 1967. In March of 1967 Ceceil Bates filed an affidavit signed by Mrs. Bates for the purpose of obtaining a delayed birth cerifí-cate. A notary dated the affidavit January 30, 1967. Mrs. Bates admitted signing the instrument, but denied that it was notarized, and denied that the information contained in the affidavit was correct. That information was that Cecil Horold Bates was born on February 10, 1924 in Sheve-port, Louisiana, and his father was Arnold H. Bates, and the maiden name of his mother was Eva Marie Fisher.
*23 The delayed birth certificate was issued on the basis of this affidavit, an old application for a social security number, and 1930 census records which showed that Cecil was six years old, that his mother was named Eva Bates and his father Arnold H. Bates.
Such a delayed birth certificate is not stronger proof of paternity than the instruments upon which the certificate is based. Nevertheless, the fact that Mrs. Bates executed the written statement concerning Ceceil’s filiation tends to weaken her present testimony.
On September 6, 1967, Arnold H. Bates conveyed to Cecil H. Bates several lots of real estate. It is this conveyance which formed the subject of controversy between Cecil and Mrs. Eva Bates; it is the subject of separate litigation in which Mrs. Bates seeks to set aside the conveyance.
Near the beginning of the proceedings in the succession of Arnold H. Bates, Mrs. Bates succombed to the misapprehension that Cecil H. Bates was planning to sue her for $25,000. It was at this point that Mrs. Bates made the claim that Cecil was not her son and was not the son of the decedent.
We must agree with the trial judge that Cecil H. Bates has proved “by a sufficient collection of facts” his filiation and paternity according to the provisions of Civil Code Article 195. The Succession of O’Neil is easily distinguishable from the instant case. Here, the veracity of Mrs. Bates is seriously impeached, leaving the testimony of one witness to corroborate what Mrs. Bates says to have been a secret for forty-four years, and, as far as the record discloses, not known to any other living person. It was otherwise in the Succession of O’Neil, where the children and a family friend of Thomas O’Neil, Sr. all testified to facts which corroborated his testimony that Thomas O’Neil, Jr., was not related to him.
Mrs. Bates contends, in the alternative, that she should have been preferred over Cecil as better qualified to administer the succession of Arnold H. Bates. The district judge, in his written opinion, discusses the evidence ,as to the respective qualifications of the parties, and concluded that Cecil Bates “is more experienced and better qualified than his mother to manage the affairs of this considerable estate.” The evidence amply supports this conclusion of the trial court, and it will not be disturbed.
A further argument is made that a conflict of interests exists between Cecil H. Bates and the succession of Arnold H. Bates which should result in finding that Mrs. Bates is better qualified to administer the succession.
Mrs. Bates has filed suit against. Cecil Bates to set aside the conveyance by Arnold to Cecil, dated September 6, 1967, of substantial properties. If she is successful, the property which is the subject of that instrument will, presumably, be returned to the succession of Arnold H. Bates. Superficially, it appears that Cecil H. Bates, if he is the administrator of the succession of Arnold H. Bates, will be in an anomalous position of resisting the return of certain property to which the succession has a claim.
However, there is no showing that there is any danger that a creditor of the succession can be hurt; the only parties who will share in this succession are the litigants themselves; the succession itself is not a party to the suit; since Mrs. Bates is the plaintiff, nothing that Cecil might do as the administrator of the succession will affect the outcome of this litigation between Mrs. Bates and Cecil. There is nothing in this situation which disqualifies Cecil H. Bates to act as the succession representative under the provisions of the Code of Civil Procedure Article 3097. The succession representative is in a fiduciary relationship to the succession (CCP 3191),
*24 and furnishes security for the protection of the heirs and creditors.
To hold that the existence of the litigation makes his opponent in this suit better qualified than he to administer the succession would make it possible for the manipulation of the appointment of a succession representative by the filing of a suit, however lacking in any sound basis in law or fact. We do not agree that the existence of the litigation makes Mrs. Bates better qualified than Cecil Bates.
The judgment appealed from is affirmed, at the cost of the appellant.