DONOVAN CONSTRUCTION COMPANY OF MINNESOTA, a corporation, Plaintiff-Appellant,

v.

FLORIDA TELEPHONE CORPORATION, a corporation, Defendant-Appellee.

No. 76–4428.

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1977.

Rehearing Denied Jan. 27, 1978.

Jerome B. Simon, James A. Gallagher, St. Paul, Minn., for plaintiff-appellant.

Janis M. Halker, Robert E. Sheridan, Leon H. Handley, Orlando, Fla., for defendant-appellee.

Before JONES, GODBOLD and GEE, Circuit Judges.

**PER CURIAM:**

In this antitrust case, the defendant, Florida Telephone Corporation (FTC), provides telephone service to a central Florida region. FTC also sells terminal telephone equipment in its region. This is sometimes called the "interconnect business." The plaintiff, Donovan Construction Company, engages in many businesses. For 2½ years Donovan provided FTC with electrical construction services, but shortly after Donovan decided to enter the interconnect business in another region of Florida FTC terminated their relationship. Donovan sued under the antitrust laws for the damage it suffered in its electrical construction business, arguing among other things that FTC had monopolized or attempted to monopolize the interconnect business. 15 U.S.C. § 2.[1] The parties stipulated that FTC's region was a relevant market for the interconnect business, and the district court found that Donovan did not intend to enter that market. We hold that Donovan lacks standing to sue under the antitrust laws.

 To have standing to sue for treble damages under Clayton Act § 4, 15 U.S.C. § 15, a plaintiff must have suffered an injury of the type the antitrust laws were intended to prevent. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977). We have required that the plaintiff must be within the target area. That is, the plaintiff must be within the sector of the economy threatened by a breakdown in competitive conditions. *Tugboat, Inc. v. Mobile Transportation Co.*, 534 F.2d 1172 (CA5, 1976); *Southern Concrete Co. v. U. S. Steel Corp.*, 535 F.2d 313 (CA5, 1976); *Jeffrey v. Southwestern Bell*, 518 F.2d 1129 (CA5, 1975); *Battle v. Liberty National Life Insurance Co.*, 493 F.2d 39 (CA5, 1974); *Dailey v. Quality School Plan, Inc.*, 380 F.2d 484 (CA5, 1967). The alleged antitrust violation threatened the interconnect business in FTC's region. Because Donovan did not in any way deal in

---

1. Donovan has limited its appeal of the district court's judgment in favor of FTC to the claims of monopolization or attempted monopolization.

that market, or intend to do so, Donovan was not within the sector of the economy threatened by the alleged violation.

The judgment of the district court is AF-FIRMED.