J. Boyd INGRAM, Plaintiff,

v.

SOUTH CENTRAL BELL TELEPHONE COMPANY, Charles B. Cooper, Phil Brady, and John Mobley, Defendants.

No. DC 78–105–LS–P.

United States District Court,
N. D. Mississippi,
Delta Division.

June 3, 1980.

Frank T. Moore, Jr., Moore, Simmons & Thompson, Gid Montjoy, IV, Green, Cheney & Hughes, Jackson, Miss., for plaintiff.

George H. Butler, W. Scott Welch, III, Butler, Snow, O'Mara, Stevens & Cannada, Roger M. Flynt, Jr., Mississippi Gen. Atty., South Central Bell Telephone Co., Jackson, Miss., for defendants South Central Bell Telephone Co. and John Mobley.

Gary L. Geeslin, Threadgill & Smith, Columbus, Miss., for defendant Charles B. Cooper.

John M. Roach, Jackson H. Ables, III, Daniel, Coker, Horton, Bell & Dukes, Jackson, Miss., for defendant Phil Brady.

## ORDER

SENTER, District Judge.

The court has before it the motion for summary judgment filed on behalf of defendant South Central Bell Telephone Company (South Central Bell)[1] on the grounds that plaintiff lacks standing to bring the antitrust portions of this action. The court finds that defendant's motion is well taken, and for the reasons set out below, the antitrust portions of plaintiff's complaint will be dismissed with prejudice and plaintiff's pendent state law claims will be dismissed without prejudice.

This suit was brought by J. Boyd Ingram (Ingram) against South Central Bell,

1. This motion is originally filed on behalf of South Central Bell and defendant John Mobley, but Mobley has subsequently been dismissed by stipulation of the parties.

Charles B. Cooper (Cooper) and Phil Brady (Brady) alleging, in Count 1, violations of Sections 1 and 2 of the Sherman Act and seeking treble damages under Section 4 of the Clayton Act. Plaintiff's pendent claims under state law are for wrongful discharge by South Central Bell and tortuous interference by Cooper and Brady in plaintiff's employment contract with South Central Bell.

The undisputed facts are as follows. Plaintiff was employed by the corporate predecessor of South Central Bell in 1964 and remained an employee through 1978. While so employed, plaintiff engaged in certain outside business activities in the field of radio broadcasting, including ownership and management of radio broadcasting stations. Since the termination of his employment, plaintiff has engaged in the field of radio broadcasting on a full-time basis. Plaintiff's contract of employment was oral and was not for any definite period of time. During the years he worked for South Central Bell, plaintiff advanced rapidly into a responsible managerial position. It is the policy of South Central Bell, as shown by its management handbook, exhibit 1 to the deposition of J. Boyd Ingram, that its employees avoid not only genuine conflicts of interest but also the appearance of any conflict of interest. During the time that plaintiff was employed by South Central Bell, the company received complaints from customers in the radio broadcasting industry, including defendants Cooper and Brady, regarding plaintiff's outside activities. At least as early as 1975, these complaints, based upon a fear among Bell's radio industry customers that plaintiff had access through his employment with South Central Bell to confidential information which could be used to the detriment of the complaining customers, were made known to plaintiff through a conference with his superior, Mr. Edmonds. At that time, the plaintiff wrote and signed a memorandum addressed to Mr. Edmonds agreeing to refrain from activities in the radio broadcasting field with the limited exception of supplying engineering services for WJMI, a Clarksdale, Mississippi, radio station owned by the plaintiff. Thereafter, between 1975 and 1978, plaintiff gradually expanded his radio interests to include ownership of stations in Fulton and Batesville, Mississippi. During 1978, plaintiff's direct supervisor, Mr. Dye, received a complaint from defendants Cooper and Brady charging that a corporation owned in large part by Ingram was engaged in competition with them for the license to operate a new radio station to be established in Starkville, Mississippi. Mr. Dye brought these complaints to plaintiff's attention and reminded plaintiff of the memorandum he had written in 1975 to Mr. Edmonds. Mr. Dye informed plaintiff that his activities were not in keeping with South Central Bell's policy of avoiding the appearance of conflict of interest between its employees and its customers. Following their discussions, plaintiff was given a choice of withdrawing from the radio broadcast industry altogether and remaining in his managerial position with South Central Bell or foregoing his employment with South Central Bell in order to be free to pursue a career in the radio broadcast field. Plaintiff was unwilling to forego his activities in radio broadcasting and his employment with South Central Bell ended on April 1, 1978. Plaintiff has alleged on the facts set out above that South Central Bell, Cooper and Brady engaged in a conspiracy in restraint of trade, a violation of Sections 1 and 2 of the Sherman Act which caused him economic injury for which he is entitled to recover treble damages under Section 4 of the Clayton Act. The elements of plaintiff's damages as shown in his amended complaint are 1) loss of salary for the twenty-five years he could reasonably expect to have been employed with South Central Bell before reaching South Central Bell's mandatory retirement age of sixty-five, 2) loss of fringe benefits for the same period, 3) moving expenses, 4) loss on the sale of his home, and 5) loss resulting from his inability to continue his participation in South Central Bell's savings plan. Plaintiff alleges no economic injury to his radio broadcasting interests. Since his employment with South Central Bell has ended, he has

continued to engage in broadcast activities and the ownership of radio stations on a full-time basis. The only injury alleged arises from plaintiff's loss of employment with South Central Bell. It is the rule in this circuit that:

To have standing to sue for treble damages under Clayton Act § 4, 15 U.S.C. § 15, a plaintiff must have suffered an injury of the type the antitrust laws were intended to prevent. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,* 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977). We have required that the plaintiff must be within the target area. That is, the plaintiff must be within the sector of the economy threatened by a breakdown in competitive conditions. *Tugboat, Inc. v. Mobile Transportation Co.,* 534 F.2d 1172 (CA5, 1976); *Southern Concrete Co. v. U. S. Steel Corp.,* 535 F.2d 313 (CA5, 1976); *Jeffrey v. Southwestern Bell,* 518 F.2d 1129 (CA5, 1975); *Battle v. Liberty National Life Insurance Co.,* 493 F.2d 39 (CA5, 1974); *Dailey v. Quality School Plan, Inc.,* 380 F.2d 484 (CA5, 1967).

*Donovan Construction Company of Minnesota v. Florida Telephone Corporation,* 564 F.2d 1191 (5 Cir. 1977). Recovery under the antitrust laws is available only to those who are injured by the lessening of competition that the antitrust laws were enacted to prevent. *Larry R. George Sales Co. v. Cool Attic Corp.,* 587 F.2d 266 (5 Cir. 1979).

The court is of the opinion that although plaintiff may have stated a cause for wrongful termination of employment, or tortuous interference in employment contract, his alleged injury falls outside the "target area" of the radio broadcasting industry, the commercial area in which the anticompetitive conspiracy is charged, and that, therefore, plaintiff has failed to establish standing under the antitrust laws.

The court's opinion is reinforced by the fact that competition, the essential aspect of our economy which the antitrust laws are designed to encourage and protect, has in no way been injured on the facts before us. Competition in the field of radio broadcasting has not been reduced and the loss claimed by plaintiff does not result from any reduction in competition in that portion of interstate commerce.

For the reasons set out above, the court is of the opinion that plaintiff lacks standing to bring an action under the antitrust laws. There is no genuine issue of material fact in regard to the question of standing and defendants are, therefore, entitled to judgment as a matter of law. Accordingly, it is

ORDERED:

That defendant South Central Bell's motion for summary judgment is GRANTED.

That Count 1 of plaintiff's complaint alleging violations of Sections 1 and 2 of the Sherman Act are dismissed with prejudice.

That Counts 2 and 3 alleging state law violations, wrongful discharge and tortuous interference with employment contracts are dismissed without prejudice as pendent claims with no independent jurisdictional base.