NORRIS, Judge.
Plaintiff appeals the trial court’s sustaining of an exception of prematurity assigning the following two errors: (1) the trial court’s sustaining of the exception when plaintiff’s cause of action was based on abuse of process; and, (2) the trial court’s sustaining of the exception on the facts presented.
Our review of the record reveals that plaintiff filed a petition in tort alleging that defendants, Republic Bank and David Touchstone, attorney for Republic Bank filed a suit in United States District Court, Western District of Louisiana, Shreveport *1368 Division, on June 26,1980, entitled “Republic Bank, Shreveport, Louisiana (formerly Peoples Bank & Trust Company) versus United States of America, C. C. Pate, W. E. Weldon, and Jack Chivatero” bearing docket number 801011. Plaintiff contends in this action that the statements contained within the pleadings of that federal court suit were libelous and that the allegations and the suit were an abuse of civil process in the following pertinent paragraphs:
“12
Petitioner shows these statements pertaining to Petitioner were false, unwarranted, unnecessary, and malicious and made without probable cause or reason and Petitioner shows that the above-referenced language amounts to a libel of your petitioner in that it accuses him of a violation of the law when same was not true.
“13
In addition to the libel, petitioner shows that the allegations and suit against your petitioner were an abuse of civil process, used only for the purpose of harassing and embarrassing your petitioner.
* * * * * *
“18
The improper use of the civil process and inclusion of petitioner was completely immaterial and irrelevant to the assertion of any of the Defendants’ rights in said lawsuit, calculated on the part of the Defendants to cause damage to petitioner, W. E. Weldon, in the amounts herein-above set forth in the above paragraphs and for the reasons set forth therein.
Contained within that transcript is the argument of counsel in support of each’s respective positions. There is a reference to the introduction into evidence of certain documents, including the record of the Federal suit in question. However, this record contains no exhibits whatsoever.
In oral reasons, contained within that transcript the Trial Court found that there was an ongoing suit. For purposes of this appeal, we will presume that this finding of fact was based on sufficient and competent evidence and is correct since it is appellant’s duty to produce evidence necessary to show the contrary. La.Code of Civil Procedure Arts. 2130 and 2131. See Vincent v. Penrod Drilling Co., 372 So.2d 807 (La.App. 3rd Cir. 1979), writ denied 375 So.2d 646 (1979); Iles v. White, 345 So.2d 1304 (La.App. 3rd Cir. 1977); Shannon’s Refrigeration Service Contractors, Inc. v. General Oilfield Trucking, Inc., 277 So.2d 457 (La.App. 1st Cir. 1973). We thus conclude that at the time of the filing of this lawsuit by plaintiff, there was an ongoing Federal Court action which had not terminated prior to the filing of the instant suit.
Service was duly made on defendants who filed this dilatory exception, alleging that this action is one “grounded in libel,” the allegations being based on pleadings filed in the aforereferenced Federal Court suit, and that the Federal Court action has not reached a final judgment. Therefore, defendants contend that the libel action filed in this court is premature. After a hearing on the exception, the trial court rendered judgment sustaining the exception of prematurity and dismissing plaintiff’s suit without prejudice.
The issues presented in connection with this appeal are identical to those raised in Weldon v. Republic Bank, et al., 414 So.2d 1361, rendered this date.
For the reasons set forth therein, we affirm the judgment of the trial court sustaining the exception of prematurity and dismissing plaintiff’s suit without prejudice at plaintiff’s cost.
AFFIRMED.