297 So.2d 536 (1974)
Celeste Ann FARIS
v.
MODEL'S GUILD and WGNO Television.
No. 6292.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1974.
Rehearing Denied August 1, 1974.
Writ Refused October 18, 1974.
*537 Glenn L. Morgan, New Orleans, for plaintiff-appellant.
Jack R. Crais, Luling, for defendant-appellee.
Before SAMUEL, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Plaintiff seeks to have declared null and void an installment sales contract and promissory note executed pursuant to an agreement with the defendant styled "Student Registration." She further seeks damages, costs, and attorney's fees.
On February 28, 1973, plaintiff presented herself in the office of Model's Guild, Inc., after having seen its advertisements of solicitation for students on WGNO-TV.[1] After talking with defendant's registrar, certain documents were presented to plaintiff for her signature. Before signing any documents she requested permission to have them reviewed by her attorney, which was refused. She then signed the "Student Registration" form which enrolled her in a sixty (60) hour course of "modeling training" to be provided by Model's Guild for a tuition fee of $490.00. Plaintiff then signed a combined retail installment sales contract and note.[2] She gave her check for $25.00 as a downpayment. Thereafter she made telephonic inquiries of the Better Business Bureau and several New Orleans department stores concerning Model's Guild, Inc. She was informed by each of the several department stores that defendant made no placement of models with it. On March 1, 1974 plaintiff ordered the drawee bank to stop payment on the check she had given defendant. Plaintiff and her attorney later learned that defendant did not have a license to operate a school in Louisiana as required by the Proprietary Schools Act. LSA-R.S. 17:3141.1 et seq. Through her attorney plaintiff immediately demanded the return of her check and all documents she signed. No reply was received.
In early March the plaintiff received a payment book and letter from Model's Guild in Atlanta which directed her to pay Model's Guild, Inc. in Atlanta. Plaintiff made further unsuccessful demands by certified mail of Model's Guild, Inc. in Atlanta to have the documents she executed sent to her.
Plaintiff's attorney wrote to the State Department of Education under date of April 5, 1973 making inquiry about the defendant. On April 11, 1973 the executive secretary of the Louisiana State Proprietary School Commission wrote plaintiff's attorney that the defendant had submitted the necessary application for a license accompanied by a $10,000.00 cashier's check in lieu of surety bond. This letter further informed plaintiff's counsel that the Commission was scheduled to meet in Baton Rouge on April 25, 1974 and invited him to provide any information he desired prior to that date.
Plaintiff and her attorney voluntarily appeared and testified at the Commission hearing on April 25, 1973. After the hearing, *538 defendant was denied a license until it signed an Assurance of Voluntary Compliance pursuant to the provisions of the Unfair Trade Practices and Consumer Protection Law. LSA-R.S. 51:1401 et seq. Defendant signed Assurance of Voluntary Compliance No. 4 on May 25, 1973.
Plaintiff filed this suit on April 24, 1973. Defendant filed an answer and reconventional demand for reasonable attorney's fees under LSA-R.S. 51:1409, subd. A. After trial on the merits the district court held that neither fraud nor misrepresentation had been proved by the plaintiff. Judgment was entered dismissing plaintiff's suit at her costs and also dismissing defendant's reconventional demand. After denial of a motion for new trial plaintiff filed this devolutive appeal in forma pauperis. We find no error and affirm.
Plaintiff levels a multitude of arguments, many of which merit no discussion; however, three contentions predominate: (1) the combined installment sales contract and note is null and void because it was executed for a course of instruction offered by defendant in violation of R.S. 17:3141.4[3] and R.S. 17:3141.14;[4] (2) she is entitled to attorney's fees and treble damages under the Unfair Trade Practices and Consumer Protection Law. LSA-R.S. 51:1401 et seq.;[5] and (3) the district court *539 was in error in not finding fraud or misrepresentation on the part of the defendant.
Defendant argues that the plaintiff has failed to carry the burden of proof sufficient for recovery on the basis of misrepresentation or fraud, as well as damages and that plaintiff is not entitled to attorney's fees.
We are presented with the threshold issue of whether or not plaintiff is entitled to have the contract declared null and void for the defendant's failure to comply with LSA-R.S. 17:3141.4 and R.S. 17:3141.14. It is apparent from our reading of the statute that a prerequisite for Model's Guild to offer a course of instruction was the issuance to it of a valid license by the Proprietary School Commission. Absent such license, Model's Guild was without authority to engage in the business of a "proprietary school" as defined in LSA-R.S. 17:3141.2(1):
"* * * A `Proprietary School,' hereinafter referred to as "School," means any business enterprise operated for a profit or on a nonprofit basis which maintains a place of business within this state, or which sells or offers for sale any course of instruction in this state, either by correspondence using the mails or by any other means of communication, or by personal solicitation, and (a) which offers or maintains a course or courses of instruction or study, or (b) at which place of business such a course or courses of instruction or study is available through classroom instruction, or both, to a person or persons for the purpose of training or preparing such person for a field of endeavor in a business, trade, technical or industrial occupation, except as hereinafter excluded. * * *"
Accordingly, the combined installment sales contract and note having been negotiated for a course of instruction at a time when Model's Guild was not the holder of the required license, is unenforceable and allows for no recovery by the defendant.
Plaintiff is not entitled to damages under the Unfair Trade Practices and Consumer Protection Law. For this court to "award three times the actual damages sustained" we must first find actual damage *540 to the plaintiff, which, from our careful examination of the record, we do not find. Secondly, the statute requires that "the unfair or deceptive method, act or practice was knowingly used, after being put on notice by the director or attorney general." This record makes no disclosure that the defendant was ever placed on notice of any act, conduct, or practice prohibited by the statute or by any rule or regulation made by the director. To the contrary, the defendant executed an Assurance of Voluntary Compliance which "shall not be considered an admission of violation for any purpose." LSA-R.S. 51:1410. Since plaintiff is not entitled to damages she also has no claim to attorney's fees. LSA-R.S. 51:1409(A).
Although we decide that the combined installment sales contract and note is unenforceable for the reason set forth above, the execution alone of such an executory agreement does not, without other proof, constitute fraud. The inexecution of the contract has not proceeded from any fraud or bad faith of the defendant, but from the immediate and direct action of the plaintiff. There was no attempt by the defendant to evade, conceal or deceive the plaintiff. Proof of fraud, in our jurisprudence, must be exceptionally strong. See American Guaranty Co. v. Sunset Realty and Planting Co., 208 La. 772, 23 So.2d 409 (1945). Fraud must be proved beyond a reasonable doubt and the plaintiff has failed to carry the required burden of proof. Further, plaintiff testified she read and understood the article of the "Student Registration" which provided, "* * * that employment cannot be guaranteed." Plaintiff has been defrauded of nothing nor has she been damaged for which she would be entitled to recover attorney's fees as an item of damages for breach of contract. LSA-R.C.C. Articles 1930 and 1934.
For the foregoing reasons the judgment of the district court is affirmed.
Affirmed.
NOTES
[1] WGNO-TV is not a party to this appeal. A default was entered against WGNO-TV but not confirmed and no judgment was ever rendered.
[2] The combined sales contract and note shows a total price of $490.00 less a cash downpayment of $50.00.
[3] LSA-R.S. 17:3141.4 provides:

"A. On and after October 1, 1972, no proprietary school covered by the provisions of this chapter shall do business in this state unless the owner thereof holds a valid license issued by the commission. Applications for such licenses shall be made to the commission and shall be issued to each applicant who meets the qualifications set forth in this chapter and such rules and regulations as are established by the commission in conformity therewith. All licenses shall expire one year from the date of their issue and application for renewal of license shall be made to the commission not less than thirty days prior to the expiration date thereof. On and after October 1, 1972, no course of instruction shall be established, offered or given, no diploma, degree or other written evidence of proficiency or achievement shall be offered or awarded, and no student enrollment in such course of instruction shall be solicited through advertising, agents, mail circulars, or other means until the owner of the school planning to offer or offering such course of instruction, diplomas or degrees has obtained a license from the commission; provided, however, that courses, classes or programs in progress on October 1, 1971, may continue until completed."
[4] The full text of LSA-R.S. 17:3141.14 reads:

"A. It shall be unlawful for any owner of a school or a representative of a proprietary school offering courses of instruction in this state to:
(1) Operate such school without a valid license; or
(2) Operate such school without a valid surety bond; or
(3) Utilize advertising designed to mislead or deceive prospective students; or
(4) Accept a contract from a solicitor who does not hold a valid permit issued in accordance with the provisions of this chapter; or
(5) Violate any of the provisions of this chapter.
"B. It shall be unlawful for any person selling or offering to sell courses of instruction in this state to:
(1) Solicit a prospective student without holding a permit as required by the provisions of this chapter; or
(2) Solicit a prospective student without having a bond as required by the provisions of this chapter; or
(3) Use fraud or misrepresentation in procuring a student's enrollment; or
(4) Violate any of the provisions of this chapter.
"C. Any owner, school employee or solicitor who is found guilty or any act prohibited by the provisions of Subsections A and B of this section shall be guilty of a misdemeanor and shall be fined not to exceed five hundred dollars. Each day that any such act continues shall constitute a separate offense.
"D. Whenever the state superintendent of education or the commission has probable cause to believ that any owner of a proprietary school or any solicitor of the owner who sells or offers to sell any course of instruction has committed any of the acts prohibited by Subsection A or Subsection B of this section, the commission or state superintendent of education shall petition a court of competent jurisdiction for an injunction restraining the committing of such acts."
[5] The relevant section of the statute is LSA-R.S. 51:1409 which provides:

"A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act or practice was knowingly used, after being put on notice by the director or attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney's fees and costs. Upon a finding by the court that an action under this section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney's fees and costs.
"B. Upon commencement of any action brought under Subsection A of this section, the plaintiff's attorney shall mail a copy of the petition to the attorney general and director, and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the attorney general and director, but failure to conform with this subsection shall not affect any of plaintiff's rights under this section.
"C. Any permanent injunction, judgment or order of the court made under R.S. 51:1407 and R.S. 51:1408 shall be prima facie evidence in an action brought under R.S. 51:1409 that the respondent used or employed a method, act or practice declared unlawful by R.S. 51:1405 or by rule or regulation promulgated pursuant thereto; provided, however, that this subsection shall no apply to consent orders or voluntary assurances of compliance.
"D. If any person is enjoined from the use of any method, act or practice or enters into a voluntary compliance agreement accepted by the director and the attorney general under the provisions of this chapter, such person shall have a right of action to enjoin competing businesses engaged in like practices.
"E. The action provided by this section shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action."