412 So.2d 706 (1982)
Rudy GIL
v.
METAL SERVICE CORPORATION.
No. 12369.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Writ Denied May 7, 1982.
Robert B. Mitchell, Kullman, Lang, Inman & Bee, New Orleans, for defendant-appellee.
James F. Willeford, and Randy Opotowsky, Steeg & O'Conner, New Orleans, for plaintiff-appellant.
*707 Before GARRISON, WARD and AUGUSTINE, JJ.
WARD, Judge.
Plaintiff Rudy Gil appeals from a judgment in defendant's favor maintaining the defendant's exceptions of no cause of action. The issue in this appeal is whether plaintiff has established a cause of action under either (1) Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401 et seq., or (2) a general tort claim under LSA-C.C. Art. 2315 for wrongful discharge from employment.
Gil had been employed by Metal Service Corporation for ten years in a management-supervisory capacity when he was fired in January, 1980. His history of employment had apparently been satisfactory, but plaintiff contends the practice which provoked his firing had been a source of conflict between Gil and his supervisors for some time.
He alleges Metal Service Corporation had instituted a practice of removing identification marks from foreign steel and delivering it to their customers, although they specified domestic steel orders. Gil claims he protested the practice and refused to supervise or perform work that resulted in the removal of these markings, and that he was fired for refusing to perform this illegal act.
Gil claims he has a cause of action under LSA-R.S. 51:1401 et seq., because his firing was "in furtherance" of deceptive trade practices by his employer.
R.S. 51:1409. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.
However, this statute has been construed to give protection only to consumers and business competitors. National Oil Service of Louisiana v. Brown, 381 So.2d 1269 (La. App. 4th Cir. 1980), reh. den. 1980; Reed v. Allison & Perrone, 376 So.2d 1067 (La.App. 4th Cir. 1979). Gil is not a member of one of the protected classes; he does not have a cause of action under this statute. The trial court's decision is correct.
Gil's second claim of a cause of action is under Louisiana's general tort article, LSA-C.C. Art. 2315. He claims he was wrongfully terminated because he refused to perform an illegal act, although ordered to do this act by his employer, and that his refusal is protected conduct for which he could not be fired.
Defendant Metal Service denies that Gil has a cause of action and contends an employer is free to terminate the services of an employee without reason, unless specifically prohibited by the U. S. Constitution, the Constitution of Louisiana of 1974, or statute. Defendant relies on LSA-C.C. Art. 2747:
A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.
Gil concedes that under the traditional common law and Art. 2747, an employment contract of indefinite duration is, in general, terminable at the will of either party. However, he contends, there is good reason for a public policy exception to this rule. He contends that LSA-C.C. Art. 11 proscribes employment contracts that derogate from the force of laws made for the preservation of public order or good morals, and that he could not be terminated for breach of an employment contract which required him to do an illegal act as one of his duties.
Art. 11. Individuals can not by their conventions, derogate from the force of laws made for the preservation of public order or good morals.
Although wrongful termination of employment is a popular issue, this is the first time Louisiana courts have been called on to consider whether termination of employment for refusal to comply with an order to do an illegal act states a cause of action. There are recognized limitations on *708 the discretion of employers. An employee cannot be terminated because of race, sex or religious beliefs, or because he or she exercised constitutionally protected rights, such as free speech. Various statutes have given rights to employees, and employers have been prohibited from terminating employees because they have exercised these rights, such as the right to organize, and in Louisiana, the right to present worker's compensation claims.
Courts in many of the United States have held that an employee cannot be terminated for refusal to perform an illegal act, even in the absence of a statute. However, because of Louisiana's traditional and unique deference to legislative authority, these decisions cannot act as precedent.
Therefore, we must consider this question: Is the refusal to perform an illegal act constitutionally or statutorily protected from the exercise of arbitrary discretion of an employer's right to terminate employees? We can find no authority to indicate the U. S. Constitution, an Act of Congress, or the Constitution of the State of Louisiana limits the right of an employer to terminate employees who refuse to perform acts they believe to be illegal. As to Louisiana statutory prohibitions, Art. 11 is general, prohibiting agreements to breach laws made for the preservation of public order or good morals. These contracts, otherwise mutually binding, cannot be enforced. There is no agreement between Rudy Gil and Metal Service Corporation to abrogate any law. The article is inapplicable.
Plaintiff's claim, although appealing, is not that of a "whistle-blower" who may possibly be protected by constitutional provisions of free speech. At present, we find no authority to justify a cause of action. Broad policy considerations creating exceptions to employment at will and affecting relations between employer and employee should not be considered by this court.
We affirm the trial court's decision that there is no cause of action stated by plaintiff.