## W.A. OFFSHORE EQUIPMENT CO., INC.

v.

## PARMATIC FILTER CORPORATION.

Civ. A. No. 90–1755.

United States District Court,
E.D. Louisiana.

June 21, 1991.

George Febiger Riess, Monroe & Lemann, New Orleans, La., Gerard George Metzger, Little, Metzger & Lamz, Metairie, La., for plaintiff.

Gary M. Zwain, Steven Barth Witman, Duplass, Witman, Zwain & Williams, Metairie, La., John N. Bain, Jean S. Lidon, Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, Roseland, N.J., Jeffrey A. Donner, Shain, Schaffer & Rafanello, Parsippany, N.J., for defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

This Motion probes the reach of state unfair trade practices law.

On March 9, 1990, plaintiff W.A. Offshore Equipment Co., Inc. sued defendant Parmatic Filter Corporation for damages for breach of contract. Plaintiff claims to have been a sales representative for defendant, selling various kinds of shipyard products.

Plaintiff[1] contends that on October 5, 1987 it entered into two written sales representative agreements with defendant, one regarding Parmatic products and one regarding Sigma products. Parmatic products are highly specialized and technical shipyard products while the Sigma products are more standard and sell for set prices. Plaintiff contends that he was appointed as the exclusive sales and engineering representative for Parmatic and Sigma products in the territories identified therein. Largely at issue in this controversy is commissions due on Parmatics sales.

Plaintiff claims that defendant breached the agreements by failing to pay timely commissions due under the contracts, by directly selling products in his territory in violation of the contracts, and by failing to provide plaintiff with sales invoices, credit and debit memos issued to customers for sales in his territory. Plaintiff adds that the breaches of contract constitute unfair or deceptive trade practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Act, La.R.S. 51:1401

---

1. Plaintiff is a corporation engaged in sales whose president is Mr. William Meyer. Defendant contends that plaintiff is a one man operation.

et seq., and seeks treble damages as well as reasonable attorney fees and costs under the statute.

Defendant has moved for partial summary judgment on plaintiff's unfair trade practices claim, contending that plaintiff does not assert that defendant committed any practice which was immoral, unethical, oppressive unscrupulous or substantially injurious to consumers. Thus, says defendant, relief under the Act is unavailable as a matter of law.

## I.

The Louisiana Unfair Trade Practice and Consumer Protection Law, La.R.S. 51:1405(A) declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business ..." Private actions are permitted by any person who suffers any ascertainable loss as a result of the use by another person of an unfair practice, and, if successful, the trial court is directed to award reasonable attorney's fees to the prevailing party. La.R.S. 51:1409(A); *Roustabouts, Inc. v. Hamer*, 447 So.2d 543 (La.App. 1 Cir.1984). The rather general text of the Act leaves to the courts a good deal of gap-filling.

Redressable practices have not been specifically defined in the statute. However, courts have found that a trade practice is redressable under the Act if it "offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Coffey v. Peoples Mortgage & Loan of Shreveport*, 408 So.2d 1153, 1156 (La.Ct.App.1981). That is hardly language which describes every-day contract disputes. It implicates a more rigorous standard.

Defendant urges that summary judgment should be granted because plaintiff has not described any trade practices that are indeed redressable under the applicable standard. While a determination of whether the wrongful acts are redressable may raise material issues of fact, the more important question this Court addresses is whether plaintiff is in the class of persons intended to be protected by the Act at all.

## II.

The Act has been repeatedly construed to give protection only to consumers and business competitors. *E.g., Gil v. Metal Service Corp.*, 412 So.2d 706, 707 (La.App. 4 Cir.1982) (employee fired allegedly because he refused to act "in furtherance" of deceptive trade practices on behalf of the employer, did not have a cause of action against the employer under the statute because he was not a member of the protected class).

It is clear from the facts that plaintiff cannot claim protection as a consumer. The character of the dispute teaches that. Can plaintiff can be protected as a "business competitor?" Louisiana cases offer little guidance. Plaintiff is suing Parmatic for breach of a sales agreement, not for practices which have resulted in unfair competition. The word competition has not been raised by plaintiff.[2]

Courts have looked for guidance in the Federal Trade Commission Act, upon which the Louisiana law is patterned, in determining who falls into the category of a business competitor. In *Morris v. Rental Tools, Inc.*, 435 So.2d 528, 533 (La.App. 5 Cir.1983), the court commented:

It is obvious that the word "competition" imports the existence of present or potential competitors, and the unfair methods must be such as injuriously affect or tend thus to affect the business of these competitors—that is to say, the trader whose methods are assailed as unfair must have present or *potential* rivals in trade whose business will be, or is likely to be, lessened or otherwise injured ... *Morris*, at 533, citing *Federal Trade*

2. This issue is frequently raised when a former employee is charged with unfairly competing with the former employer and "utilizes the experience he acquired and the skills he developed while in his former employment." *Huey T. Littleton Claims Service v. McGuffee*, 497 So.2d 790, 792 (La.App. 3 Cir.1986). The facts here, however, cannot be measured by the standards of such cases because, in this case, the plaintiff is a salesman suing for commissions due on a sales agreement. The employee is suing the employer, not the reverse.

127

*Commission v. Raladam Co.*, 283 U.S. [643] 649, 51 S.Ct. 587, 590, [75 L.Ed. 1324] (1931).

In *Morris*, the court found that the plaintiff was "presently preparing to compete with defendants," by such activities as leasing a shop engaged in the sale of similar products and making active inquiries into inventory pricing and availability. Thus, because such activities demonstrated plaintiff's ability to compete with defendant, plaintiff was held to be a "business competitor" under the Act. *Morris*, at 532–533.

In this case, plaintiff does complain that defendant directly sold products in the territory reserved to plaintiff, breaching an agreement. But plaintiff is not and never was in competition with defendant. Plaintiff was defendant's alleged sales representative, selling products *for* the defendant. There is no claim and no evidence that plaintiff sought to establish its own business selling Parmatic or Sigma products in competition with Parmatic. Instead, plaintiff was working for Parmatic and seeks damages for defendant's violation of the sales agreement between the two. While defendant's actions may arguably be a breach of contract, plaintiff cannot seek protection under the Act by alleging that defendant sold its own products.

## III.

Summary judgment is appropriate under Rule 56 if the record discloses that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Because plaintiff has not claimed or offered any evidence to show that it is a business competitor, plaintiff is not protected by the Louisiana Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401 et seq. Thus plaintiff's claims based on it must be dismissed. Plaintiff is neither a consumer or a business competitor and the Act does not apply in this fact setting.

Defendant's Motion for Partial Summary Judgment is GRANTED.