623 So.2d 946 (1993)
Judy DAVIS
v.
MANPOWER INTERNATIONAL, INC., Jerry Braud, Barbara Galindo, and Betty Stockstill.
No. 93-CA-0077.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1993.
Jennifer Willis, Cater and Willis, New Orleans, for plaintiff/appellant.
Charles H. Hollins, Kullman, Inman, Bee, Downing & Banta, New Orleans, for defendants/appellees.
Before BARRY, BYRNES, CIACCIO, WALTZER and LANDRIEU, JJ.
LANDRIEU, Judge.
While employed as a Marketing Representative at Norrell Temporary Services in May, 1990, Judy Davis, the appellant, began negotiations for employment with Manpower International, Inc., a business competitor. She alleges that during these negotiations with Manpower, a number of representations about salary, commissions, job title, job duties, work location, and promotions were made to induce her to leave Norrell and bring her accounts to Manpower. However, after appellant began work with Manpower, she claims that most of these promises were broken. Moreover, the work environment continued to deteriorate, and Davis was eventually hospitalized for treatment of stress related ailments. It was her belief that Manpower intentionally manipulated her work environment in an attempt to force her to resign once they had obtained her client contacts and account information.
Davis did resign on October 3, 1990. Alleging intentional infliction of emotional distress, unfair denial of management opportunities based upon sex, violation of Article I, section 3 of the Louisiana Constitution, and violation of the Louisiana Unfair Trade Practices Act, she filed a lawsuit against Manpower and certain named employees. The defendants filed motions for summary judgment on all claims.
On October 23, 1992, after hearing oral argument, the lower court granted the defendants' motion for summary judgment on the issue of violation of the Louisiana Unfair Trade Practices Act and denied summary judgment on the issue of intentional infliction of emotional distress. On December 3, 1992, the court ruled on the remaining issues. Summary judgment on the claimed violation of the Louisiana Constitution, Article I, section *947 3 was granted; but summary judgment was denied on the sex discrimination issue.
The appellant has appealed only that portion of the summary judgment that dismissed her claim under the Louisiana Unfair Trade Practices Act.
La.Rev.Stat.Ann. § 51:1405 (West 1987) provides a private right of action for any person "who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405." The statute does not define "unfair methods of competition."
The courts are required to decide on a case-by-case basis what conduct is violative of the statute. Dufau v. Creole Engineering, Inc., 465 So.2d 752, 758 (La.App. 5th Cir. 1985), writ denied, 468 So.2d 1207 (La.1985). The courts have construed § 51:1405 to protect only consumers and business competitors. Gil v. Metal Service Corp., 412 So.2d 706, 707 (La.App. 4th Cir.1982), writ denied, 414 So.2d 379 (La.1982); National Oil Service of La. v. Brown, 381 So.2d 1269 (La.App. 4th Cir.1980). Appellant is alleging harm as a "business competitor". Thus, the issue becomes whether appellant is a member of the protected class.
Generally a claim for misappropriation of customer lists is scrutinized for unfair competition violations by considering several factors, including the manner in which the lists were compiled and the manner in which the customers were contacted after termination of the employment relationship. Whether there is a scheme to injure the business is also relevant. National Oil, 381 So.2d at 1273.
Appellant's claim presents a slightly different twist on the usual "customer list" case. Usually, it is the former employer alleging that its business has been injured because of unfair competition from its former employee. However, Davis brought customer leads and contacts with her and alleges that she was led to believe that those items enhanced her value to Manpower. She further claims that she was told to leave this information at the Metairie office when she was transferred to the downtown New Orleans office.
In W.A. Offshore Equipment Co., Inc. v. Parmatic Filter Corporation, 767 F.Supp. 125 (E.D.La.1991), the court granted the defendant's summary judgment motion and held that a company's sales representative was not a "business competitor" within the meaning of the Unfair Trade Practices Act. There the sales representative claimed that the defendant breached their agreement by failing to pay commissions timely and by selling products in his territory in violation of the contracts.
Summary judgment is appropriate when the record discloses that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. La.Code Civ.Proc. Art. 966 (West 1993). Because we find as a matter of law that plaintiff was not a business competitor of the defendant within the meaning of the Unfair Trade Practices Act, there remains, relative to that claim, no genuine issue as to any material fact.
Accordingly, the judgment of the trial court is affirmed.
BARRY, J., dissents with written reasons.
WALTZER, J., dissents for the reasons assigned by BARRY, J.
BARRY, Judge, dissents with written reasons:
Summary judgment is appropriate when the record discloses no genuine issue of any material fact and the moving party is entitled to summary judgment as a matter of law. La.C.C.P. art. 966. A fact is material if it is essential to a plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4th Cir.1992), writ not considered, 613 So.2d 986 (La.1993). Whether Davis was a "business competitor" will affect whether she can claim protection under the Unfair *948 Trade Practices Act. I am satisfied that this question is a material fact that cannot be disposed of by summary judgment.
In addition, Manpower denies that Davis was hired to gain access to Norrell's leads and accounts, with the ultimate intent to force her resignation thereafter. Manpower contends that Davis was demoted and transferred due to poor job performance and her inability to work harmoniously with employees in the Metairie and LaPlace offices.
There are subjective facts remaining, such as intent, motive, malice, knowledge and good faith which make summary judgment inappropriate. Penalber v. Blount, 550 So.2d 577 (La.1989).
Summary judgment should be reversed and the case remanded.
WALTZER, Judge, dissents for the reasons assigned by BARRY, Judge.