David and Ruth HAMILTON, et al.

v.

BUSINESS PARTNERS, INC.

Civil Action No. 96–CV–2366.

United States District Court, E.D. Louisiana.

Sept. 12, 1996.

Edmund Schmidt, III, Stephan M. Cooper, Jefferson, for plaintiffs.

T. Jay Seale, Mark E. Seamster, Russell W. Weeks, Hammond, for defendant.

### ORDER AND REASONS

BERRIGAN, District Judge.

Defendant, Business Partners, Inc. d/b/a Kingdom of Toys ("Business Partners"), has moved to dismiss the plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La.Rev.Stat. 51:1401, et seq, on the basis that the complaint fails to state a claim for which relief can be granted under the statute. For the reasons stated below, the motion is reluctantly GRANTED.

Business Partners is alleged to be a supplier of Walt Disney licensed products which it sells through a network of independent distributors.[1] Each of the plaintiffs are alleged to have purchased such a distributorship after attending a promotional sales seminar

sponsored by the defendants.[2] The crux of the law suit is the plaintiffs' claim that the defendants failed to fulfill the promises and commitments made in connection with those contracts, causing the plaintiffs financial loss.[3] In addition to other claims,[4] the plaintiffs allege the defendants' conduct constituted unfair trade practices under La.Rev.Stat. 51:1405, et seq.[5] It is the latter claim that the defendants now seek to have dismissed.

Louisiana's Unfair Trade Practices and Consumer Protection Law ("LUTPA") was enacted in 1972. It declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La.Rev.Stat. 51:1405 A. In addition to providing for injunctive relief on behalf of the state to restrain and enjoin the prohibited acts, La.Rev.Stat. 51:1407, the statute also created a private right of action:

> Any person who suffers any ascertainable loss of money or moveable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

La.Rev.Stat. 51:1409 A.

The defendants contend the LUTPA claim should be dismissed because LUTPA creates a private cause of action *only* for consumers or business competitors and the plaintiffs here are neither.[6] The defendants further argue that the plaintiffs cannot be considered consumers as the statute limits that concept to persons who obtain goods primarily for personal, family or household use.

The plaintiffs answer that the statute refers to "any person" who is aggrieved by an unfair trade practice and therefore does not limit relief to only business competitors or

---

**1.** Complaint for Damages, Doc. # 1, Paragraph II.

**2.** *Ibid*, paragraphs VI–VIII, XIV.

**3.** *Ibid*, paragraphs XV–XVI.

**4.** *Ibid*, paragraphs XIX (breach of contract), XXI (detrimental reliance and/or negligent misrepresentation).

**5.** *Ibid*, paragraph XX.

**6.** Memorandum in Support of Motion for Partial Dismissal, Doc. # 3.

consumers.[7] Furthermore, even if the statute were so construed, the plaintiffs argue that they are in fact "consumers" under the statute.

*Analysis*

■ A motion to dismiss may be granted only if it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations of the complaint. All well-pleaded facts in the complaint are accepted as true and all allegations are construed in favor of the plaintiff. *Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 529 (5th Cir.1996). In a diversity case such as this, the substantive law of Louisiana applies under *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In ascertaining state law, the federal court is bound to apply the interpretation of state law rendered by the state's highest court and should not disregard a decision by an intermediate appellate state court unless it is convinced that the highest court of the state would decide the issue differently. *Texas Dept. of Housing & Community Affairs v. Verex Assurance, Inc.,* 68 F.3d 922, 928 (5th Cir.1995).

a. Is relief under LUTPA limited to business competitors and consumers?

■ The short answer is "yes" as the federal Fifth Circuit has held that only consumers or business competitors have a cause of action under LUTPA. *Orthopedic & Sports Injury Clinic, v. Wang Laboratories, Inc.,* 922 F.2d 220 (5th Cir.1991); *Delta Truck & Tractor, Inc. v. J.I. Case Co.,* 975 F.2d 1192 (5th Cir.1992). This Court is of course obligated to follow that precedent. Nevertheless, this area of Louisiana law is fluid, and the federal jurisprudence resting upon it therefore subject to change. Furthermore, as the plaintiffs point out, the seminal Louisiana case upon which subsequent jurisprudence relied, *Gil v. Metal Service Corp.,* 412 So.2d 706 (La.App. 4th Cir.1982), *writ denied,* 414 So.2d 379 (La.1982), may well be flawed. For those reasons, a discussion of the state jurisprudence and the federal interpretation of it appears worthwhile.

Interpretation of LUTPA begins for our purposes with *Reed v. Allison & Perrone,* 376 So.2d 1067 (La.App. 4th Cir.1979). Suit was brought by several lawyers against a competing legal clinic for false advertising. The Fourth Circuit did not discuss the scope of the statute but clearly the plaintiffs, as competitors of the defendant, fell within the class that could state a cause of action under the statute since the statute prohibits "unfair methods of competition." In the subsequent case of *National Oil Service of Louisiana, Inc. v. Brown,* 381 So.2d 1269 (La.App. 4th Cir.1980), the plaintiffs were also business competitors of the defendant. Again, the Fourth Circuit did not discuss the scope of the statute, beyond finding that LUTPA applied since it prohibited unfair methods of competition.

Two years later, the Fourth Circuit again considered the statute in *Gil,* supra. In that case, a discharged employee sued his former employer for his allegedly unlawful termination. The employee claimed he was fired because he refused to engage in unfair trade practices of his employer. Both the district court and the appellate court found the employee had no cause of action under LUTPA. In so finding, the Fourth Circuit declared that "(LUTPA) has been construed to give protection only to consumers and business competitors," citing its prior two cases above. *Gil,* 412 So.2d at 706. Neither *National Oil Service* nor *Reed,* however, declared that LUTPA's relief is restricted to *only* consumers or business competitors. That issue didn't rise since in both cases, the plaintiffs were in fact competitors and clearly within the range of the statute.

In *Morris v. Rental Tools, Inc.,* 435 So.2d 528 (5th Cir.1983), Louisiana's Fifth Circuit cited *Gil* for the proposition that LUTPA applied to consumers and business competitors [8] and then found that the plaintiff in fact was a business competitor. In *Roustabouts, Inc. v. Hamer,* 447 So.2d 543 (La.App. 1st Cir.1984), the First Circuit noted that the statute confers a right of action "on both consumers and business competitors," citing

---

7. Opposition to Motion to Dismiss for Failure to State a Claim, Doc. # 5.

8. Noteworthy is that the court did not use the word "only" as did the court in *Gil.*

*Morris*, supra. *Roustabouts*, 447 So.2d at 548. The plaintiff in *Roustabouts* was a competitor. The First Circuit revisited LUTPA in 1991 in *Jarrell v. Carter*, 577 So.2d 120 (1st Cir.1991), *writ denied*, 582 So.2d 1311 (La.1991). Factually, the plaintiff was found to be a competitor of the defendant. Significantly though, in dicta, the court did not limit the range of the statute:

> Although business consumers and competitors are included in the group afforded this private right of action, they are not its exclusive members.

*Jarrell*, 577 So.2d at 123, citing *Roustabouts*, supra.

The First Circuit again discussed LUTPA in *Thibaut v. Thibaut*, 607 So.2d 587 (La. App. 1st Cir.1992), *writ denied*, 612 So.2d 37 (La.1993). The individual plaintiffs were neither consumers nor competitors. Without mentioning its contrary dicta in *Jarrell*, the court cited *Gil* and held that the individual plaintiffs had no cause of action under LUTPA.[9]

In *Monroe Medical Clinic, Inc. v. Hospital Corp. of America*, 622 So.2d 760 (La.App. 2nd Cir.1993), *writ denied*, 629 So.2d 1135 (La.1993), Louisiana's Second Circuit stated that the class of persons who can bring a LUTPA claim "includes, but is not limited to business competitors and consumers," citing *Roustabouts*, supra, and *Jarrell*, supra. The plaintiff in that case was unquestionably a competitor.

In *Davis v. Manpower International, Inc.*, 623 So.2d 946 (La.App. 4th Cir.1993), *writ denied*, 629 So.2d 1173 (La.1993), the plaintiff was an employee suing her employer, claiming the adverse working conditions forced her to resign. The court cited *Gil* for the proposition that LUTPA *is* limited to consumers and business competitors, then proceeded to analyze whether the plaintiff could be considered a competitor and concluded she was not.

Most recently, in *Lilawanti Enterprises, Inc. v. Walden Book Co., Inc.*, 670 So.2d 558 (La.App. 4th Cir.1996), the plaintiff was a sublease who sued the owners/lessors of the subject property. Among other claims, he alleged a violation of LUTPA in the failure of the defendant to honor his lease. There was no discussion on appeal regarding whether the plaintiff was within the scope of the statute but apparently he was neither a consumer nor a business competitor of the defendant. Nonetheless, the court reached the merits of his claim.[10]

To summarize, the Louisiana appellate courts have given conflicting messages about LUTPA's scope, with no state supreme court decision rendering the definitive answer.

The Fifth Circuit apparently first dealt with LUTPA's range in *Wang*, supra. The plaintiff clinic sued a computer company for failing to properly repair and service the clinic's computer equipment. The defendants successfully sought summary judgment on the LUTPA claim on the basis that the clinic was neither a consumer nor a business competitor of the defendant. The plaintiff appealed, arguing it was a consumer. The Fifth Circuit upheld summary judgment, finding that the plaintiff was not in fact a consumer. While the court did not specifically discuss the scope of LUTPA, nor cite any state jurisprudence on that issue, its decision necessarily was based on the assumption that the statute was in fact limited to business competitors and consumers.

The Fifth Circuit revisited LUTPA in *American Waste & Pollution Control Co. v. Browning–Ferris, Inc.*, 949 F.2d 1384 (5th Cir.1991). Here, the plaintiff was indisputably a competitor of the defendant. The bulk of the decision dealt with whether under Louisiana law a claim of tortious interference with contract would constitute an unfair trade practice under LUTPA. The majority answered no with Circuit Judge John R. Brown dissenting. Judge Brown called for a broader reading of LUTPA, one that would encompass the claim alleged. While not an issue in the case, Judge Brown also adopted

---

**9.** The court did find that the plaintiff partnership had a cause of action, but that was on the basis that the partnership was a competitor.

**10.** The court granted summary judgment to the defendant, but on the basis that the refusal to agree to the sublease did not constitute an unfair trade practice.

374

the language of *Jarrell,* supra, stating that business consumers and competitors are *not* the only persons eligible to bring a private right of action under the statute. *American Waste,* 949 F.2d at 1392.

In *Delta Truck,* supra, a franchise dealer sued for wrongful termination of his franchise agreement. Citing *Morris,* supra, the 5th Circuit concluded that the plaintiff did not have a cause of action under LUTPA since the dealer was neither a consumer nor a business competitor.[11]

As already noted this Court is bound by the clear Fifth Circuit precedent in the above cases. Consequently, the Court concludes that the plaintiffs cannot bring their LUTPA claim unless they are in fact either a consumer or business competitor of the defendant.

b. Are the plaintiffs "consumers" of the defendants' products?

■ The plaintiffs argue that even if LUTPA is construed to allow a private action only by consumers or business competitors, they do in fact qualify as consumers under the law.[12] They cite the statute itself which defines a consumer as "any person who uses, purchases, or leases goods or services." La. Rev.Stat. 51:1402(1). The defendants argue that the definition of consumer must be read in tandem with the definition of a "consumer transaction." A "consumer transaction" is defined as "any transaction involving trade or commerce to a natural person, the subject of which transaction is primarily intended for personal, family, or household use." La.Rev. Stat. 51:1402(3). Since the sale of the dis-

tributorships were not "primarily intended for personal, family, or household use," the plaintiffs do not qualify as "consumers" under the act.[13] The defendants cite *Delta Truck,* supra; *Wang,* supra, and also *Brett,* supra as authority.

As previously noted, *Delta Truck* involved a franchise dealer suing for wrongful termination of his franchise agreement. The district court granted summary judgment on the basis that Delta had failed to show an injury to competition. The Fifth Circuit upheld the summary judgment, stating, without discussion, that Delta was neither a competitor nor consumer of the defendants. Since Delta did not apparently argue that it was a consumer, and since summary judgment was granted on another basis, *Delta Truck* does not constitute a binding precedent for the issue in this case.

*Wang,* on the other hand, is directly on point and binds this Court. The plaintiff was a medical clinic that purchased computers from Wang Laboratories and contracted with Wang to service the equipment. After Wang's repair people allegedly destroyed some valuable disks, the Clinic sued. The Fifth Circuit found that the purchase of the computer equipment did not amount to a "consumer transaction" since it was not primarily intended for personal, family or household use. Consequently, the clinic had no cause of action under LUTPA. The district court in *Brett* followed the *Wang* precedent in finding that LUTPA's limiting definition of a "consumer transaction" serves to

11. Several U.S. District Courts have discussed LUTPA, all consistently finding that it is restricted to business competitors and consumers. *W.A. Offshore Equipment Co., Inc. v. Parmatic Filter Corp.,* 767 F.Supp. 125 (E.D.La.1991) (citing *Gil* ); *Shaw Industries, Inc. v. Brett,* 884 F.Supp. 1054 (M.D.La.1994) (citing *Wang, W.A. Offshore* but also noting the contrary authority of *Jarrell* ); *Surface Preparation & Coating Enterprises, Inc. v. Martin Marietta Manned Space Systems,* 1992 WL 193478 (E.D.La.1992), *aff'd without opinion,* 1 F.3d 1236 (5th Cir.1993) (citing *Wang* ); *Kenny Enterprises, Inc. v. Balfour Beatty De Venezuela, C.A.,* 1994 WL 179976 (E.D.La.1994). In *Dale v. IDS Financial Services, Inc.,* 1992 WL 111834 (M.D.La.1992), the district court reasoned that while La.R.S. 51:1409(A) refers to "any person" who suffers a loss through an unfair act, La.R.S.

51:1405A's definition of what constitutes prohibited conduct refers to unfair "competition" and acts "in the conduct of any trade." The court concluded that "the intent of the legislature was to create a vehicle for business competitors to seek recourse against their adversaries when they employ deceptive trade practices, not for employees to pursue grievances against employers." *Id.*

12. Opposition to Motion to Dismiss for Failure to State a Claim, Doc. # 5, p. 6–8. The plaintiffs apparently do not contend they should be considered business competitors of the defendants.

13. Motion for Partial Dismissal for Failure to State a Claim, Doc. # 3.

narrow the statute's broad definition of "consumer."

While this Court is necessarily bound by the *Wang* precedent, the Court notes the earlier and completely contrary decision by Louisiana's First Circuit in *Barrios v. Associates Commercial Corporation*, 481 So.2d 702 (La.App. 1st Cir.1985). Barrios was in the trucking business and he purchased a truck via cash, a promissory note and a mortgage, the latter two items then being assigned to the defendant. The arrangement with the defendant included credit accident and health insurance. The plaintiff then was injured and was unable to make some of the payments. A dispute arose as to whether the insurance covered the payments and the defendants ultimately had the truck seized for the arrearage. Barrios sued, and included a claim that the seizure violated LUTPA.

The defendant argued that LUTPA didn't apply because the purchase of the truck did not constitute a "consumer transaction" under the statute since the truck was bought for heavy-duty commercial purposes, and not personal household use. The First Circuit rejected the argument. The court noted the broad definition of "consumer" as "any person" who uses or purchases goods. The court also pointed to the statute's definition of "consumer interest"—"those acts, practices, or methods that affect the economic welfare of a consumer." La.Rev. Stat. 51:1402(2). The court then concluded that the statute established two different categories of consumers; one which involves consumer transactions, limited to natural persons obtaining items for personal or household use and the other dealing with matters of consumer interest, "covering the entire broad field of economic welfare of the consumer, defined here as 'any person' buying an unlimited array of goods and services." [14] *Barrios*, 481 So.2d at 704. The court then concluded that the purchase of a heavy-duty truck for commercial use fell within the latter category and could support a claim under LUTPA. Other Louisiana decisions have dealt with LUTPA claims brought by consumers of items other than those of personal, household or family use. *Gour v. Daray Motor Co.*, 373 So.2d 571 (La.App. 3rd Cir.1979), *writ granted*, 376 So.2d 1270 (La.1979), *writ dismissed*, 377 So.2d 1033 (La.1979) (automobile used primarily for business); *Bohm v. CIT Financial Services, Inc.*, 348 So.2d 132 (La.App. 1st Cir.1977), *writ denied*, 350 So.2d 673 (La.1977) (truck owned by business); *Faris v. Model's Guild*, 297 So.2d 536 (La.App. 4th Cir.1974), *writ denied*, 302 So.2d 15 (La.1974) (professional modelling course). In *Canal Marine Supply, Inc. v. Outboard Marine*, 522 So.2d 1201 (La.App. 4th Cir. 1988), the plaintiff was a marine supply company suing its distributor for wrongful termination of the dealership agreement.

This Court could find no Louisiana case which limited the definition of a "consumer" under LUTPA to that described in *Wang*. Nevertheless, this Court is bound by Fifth Circuit precedent.

Accordingly,

IT IS ORDERED that the motion for partial dismissal for failure to state a claim filed by the defendant, Business Partners, Inc., d/b/a Kingdom of Toys, is hereby GRANTED.

---

**14.** Arguably, also, had the Louisiana legislature intended to link the definition of "consumer" to the definition of a "consumer transaction," it would have simply defined a "consumer" as "one who engages in a consumer transaction" rather than giving it the broad definition set forth in the statute.