709 So.2d 913 (1998)
Sidney Glenn WUSTHOFF
v.
BALLY'S CASINO LAKESHORE RESORT, INC., et al.
No. 97-CA-1386.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1998.
Writ Denied May 1, 1998.
Julian R. Murray, Jr., Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, for Plaintiff/Appellant.
Robert L. Clayton, Simeon B. Reimonenq, Jr., Vial, Hamilton, Koch & Knox, L.L.P., New Orleans, for Defendant/Appellee.
Before BARRY, ARMSTRONG and CIACCIO, JJ.
BARRY, Judge.
Sidney Wusthoff appeals a judgment which maintains an exception of no cause of action as to his wrongful discharge claim.[1]
Wusthoff, a valet who parked cars, sued his employer, Bally's Casino Lakeshore Resort, Inc., and Richard Cook, Bally's general manager. He alleged that no security personnel were assigned to the valet parking area and the area was not restricted to valet employees. Guards were placed only in the public parking area.
*914 Wusthoff alleged that on December 21, 1995 he was attacked and "beaten by an interloper who had secreted himself in the valet parking area." He reported the incident to Bally's security personnel, but no action was taken. Wusthoff alleged that on January 4, 1996 he was "held up and kidnapped at gun point." He claimed that the assailant stole a vehicle from the valet parking area and made Wusthoff drive the car toward a secluded area. According to Wusthoff, he jumped from the car and escaped. He reported the second incident directly to Cook and related the danger to Bally's employees and the public who parked in the valet area. Wusthoff alleged that Bally's defamed him by "maintaining that he was responsible for the kidnapping and based upon that false accusation illegally fired" him. Wusthoff claimed that as a result of the "defamation and illegal firing" he suffered embarrassment, loss of reputation, and emotional and mental illness which required professional counseling.
In its exception Belle of New Orleans, L.L.C. d/b/a Bally's Casino Lakeshore Resort (incorrectly cited as Bally's Casino Lakeshore Resort) argued that Wusthoff was an employee at will, could be terminated without cause, and had no cause of action for wrongful discharge. Wusthoff responded that his termination was the result of reporting a safety breach, i.e., a violation of the Occupational Safety and Health Act, 29 U.S.C. § 654(a)(1) that requires employees be provided a safe place to work.
In its judgment the trial court stated: "The Plaintiff has no legally cognizable claim for being `illegally fired' and this claim should be dismissed."
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the allegations in the petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced in support of or to controvert the exception. La. C.C.P. art. 931. The trial court accepts the well-pleaded allegations of fact as true and decides whether on the face of the petition the plaintiff is legally entitled to the relief sought. Kuebler v. Martin, 578 So.2d 113 (La.1991).
La. C.C. art. 2747 provides in pertinent part: "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing." An employee is at will if there is no specific contract between the employee and the employer and the employee was hired for an indefinite period of time. Finkle v. Majik Market, 628 So.2d 259 (La.App. 5 Cir.1993). An employer may dismiss an at will employee at any time for any reason without incurring liability for the discharge. Williams v. Touro Infirmary, 578 So.2d 1006 (La.App. 4 Cir.1991). See also Keller v. Sisters of Charity of the Incarnate Word, 597 So.2d 1113 (La.App. 2 Cir.1992).
Under Louisiana law an employee may be terminated at will unless he has an employment contract covering a certain time period or is otherwise statutorily or constitutionally protected from termination. Dunbar v. Williams, 554 So.2d 56 (La.App. 4 Cir. 1988). An employee cannot be terminated because of race, sex, or religious beliefs or because he/she exercised constitutionally protected rights such as free speech. There are specific Louisiana statutes that set out employees' rights and prohibit employers from terminating employees because they exercise their right, i.e., the right to file worker's compensation claims. Gil v. Metal Service Corporation, 412 So.2d 706 (La.App. 4 Cir. 1982), writ denied 414 So.2d 379 (La.1982).
This Court has held that a plaintiff who alleged that he was fired because he refused to perform an illegal act (arguably a public policy exception) did not state a cause of action for wrongful discharge. This Court found no authority to indicate that a constitutional protection limited the right of the employer to terminate an at will employee who refused to do what he believed to be an illegal act. The Gil Court noted that courts in other states had held that an employee could not be fired for refusal to perform an illegal act (even without statutory authority), but declared that those cases could not serve as precedent in Louisiana with its unique *915 deference to legislative authority. This Court stated that Gil was not a "whistle blower" and it could find no authority to justify the cause of action: "Broad policy considerations creating exceptions to employment at will and affecting relations between employer and employee should not be considered by this court." Id., 412 So.2d at 708.
Wusthoff was an at will Bally's employee. Therefore, Bally's could fire him without reason. No public policy exception applies and there is no authority to indicate that a constitutional protection was involved.
The trial court properly maintained the exception of no cause of action as to the wrongful discharge claim. The judgment is affirmed.
AFFIRMED.
NOTES
[1] The judgment also maintained an exception of vagueness or ambiguity as to Wusthoff's defamation claim and granted Wusthoff ten days to amend. In his memorandum below and his appellate brief Wusthoff states that he abandoned that claim.